Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey  07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Jazz Pharmaceuticals, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAZZ PHARMACEUTICALS, INC.,** | Civil Action No. _____ |
| **Plaintiff,** | |
| | **COMPLAINT FOR** |
| **v.** | **PATENT INFRINGEMENT** |
| **ROXANE LABORATORIES, INC.,** | |
| | **(Filed Electronically)** |
| **Defendant.** | |

Plaintiff Jazz Pharmaceuticals, Inc. ("Jazz Pharmaceuticals"), by its undersigned

attorneys, for its Complaint against defendant Roxane Laboratories, Inc. ("Roxane"), alleges as

follows:

### Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. §100, *et seq.*, arising from Roxane's filing of an Abbreviated New Drug

Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking

approval to commercially market a generic version of Jazz Pharmaceuticals' XYREM® drug

product prior to the expiration of United States Patent Nos. 6,780,889 (the "'889 patent"),

7,262,219 (the "'219 patent"), 7,668,730 (the "'730 patent"), 7,765,106 (the "'106 patent"),

and 7,765,107 (the "'107 patent") owned by Jazz Pharmaceuticals (collectively, "the patents-in-suit").

## The Parties

2.      Plaintiff Jazz Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3180 Porter Drive, Palo Alto, California 94304.

3.      On information and belief, defendant Roxane is a corporation organized under the laws of Nevada, having a principal place of business at 1809 Wilson Road, Columbus, Ohio 43228.

4.      On information and belief, Roxane is registered to do business in the State of New Jersey, and maintains a registered agent for service of process in New Jersey.  On information and belief, Roxane regularly transacts business within this judicial district. Further, on information and belief, Roxane develops numerous generic drugs for sale and use throughout the United States, including in this judicial district.  On information and belief, Roxane has litigated patent cases in this district in the past without contesting personal jurisdiction, and, in at least some of those actions, Roxane has asserted counterclaims.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      This Court has personal jurisdiction over Roxane by virtue of, *inter alia,* its systematic and continuous contacts with the State of New Jersey.  On information and belief, Roxane has purposefully availed itself of this forum by, among other things, making, shipping, using, offering to sell or selling, or causing others to use, offer to sell, or sell, pharmaceutical

products in the State of New Jersey and deriving revenue from such activities.  Further, on information and belief, Roxane has customers in the State of New Jersey.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**The Patents in Suit**

8.      On August 24, 2004, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '889 patent, entitled "Microbiologically Sound and Stable Solutions of Gamma-Hydroxybutyrate Salt for the Treatment of Narcolepsy" to inventors Harry Cook, Martha Hamilton, Douglas Danielson, Colette Goderstad and Dayton Reardan.  A copy of the '889 patent is attached hereto as Exhibit A.

9.      On August 28, 2007, the USPTO duly and lawfully issued the '219 patent, entitled "Microbiologically Sound and Stable Solutions of Gamma-Hydroxybutyrate Salt for the Treatment of Narcolepsy" to inventors Harry Cook, Martha Hamilton, Douglas Danielson, Colette Goderstad and Dayton Reardan.  A copy of the '219 patent is attached hereto as Exhibit B.

10.      On February 23, 2010, the USPTO duly and lawfully issued the '730 patent, entitled "Sensitive Drug Distribution System and Method" to inventors Dayton Reardan, Patti Engle and Bob Gagne.  A copy of the '730 patent is attached hereto as Exhibit C.

11.      On July 27, 2010, the USPTO duly and lawfully issued the '106 patent, entitled "Sensitive Drug Distribution System and Method" to inventors Dayton Reardan, Patti Engle and Bob Gagne.  A copy of the '106 patent is attached hereto as Exhibit D.

12.      On July 27, 2010, the USPTO duly and lawfully issued the '107 patent, entitled "Sensitive Drug Distribution System and Method" to inventors Dayton Reardan, Patti Engle and Bob Gagne.  A copy of the '107 patent is attached hereto as Exhibit E.

## The XYREM® Drug Product

13.     Jazz Pharmaceuticals holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for sodium oxybate oral solution (NDA No. 21-196), which it sells under the trade name XYREM®.  The claims of the patents-in-suit cover, *inter alia*, pharmaceutical compositions containing sodium oxybate, and methods of use and administration of sodium oxybate or pharmaceutical compositions containing sodium oxybate.  Jazz Pharmaceuticals owns the patents-in-suit.

14.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the '889, '219, '730, '106 and '107 patents are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to XYREM®.

## Acts Giving Rise to this Suit

15.     Pursuant to Section 505 of the FFDCA, Roxane filed ANDA No. 202-090 ("Roxane's ANDA") seeking approval to engage in the commercial use, manufacture, sale, offer for sale or importation of 500 mg/ml sodium oxybate oral solution ("Roxane's Proposed Product"), before the patents-in-suit expire.

16.     In connection with the filing of its ANDA as described in the preceding paragraph, Roxane has provided a written certification to the FDA, as called for by Section 505 of the FFDCA, alleging that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the activities described in Roxane's ANDA.

17.     No earlier than October 14, 2010, Roxane sent written notice of its ANDA certification to Jazz Pharmaceuticals ("Roxane's Notice Letter").  Roxane's Notice Letter alleged that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the activities described in Roxane's ANDA.  Roxane's Notice Letter also

informed Jazz Pharmaceuticals that Roxane seeks approval to market Roxane's Proposed Product before the patents-in-suit expire.

18.     In Roxane's Notice Letter, it offered to provide access to certain confidential information and materials within Roxane's ANDA that would allow Jazz Pharmaceuticals to confirm Roxane's infringement of the patents-in-suit.  In response, Jazz Pharmaceuticals wrote to Roxane regarding the terms of this offer and requesting access.  To date, Roxane has not responded to this inquiry or provided any portion of its ANDA to counsel for Jazz Pharmaceuticals.

**Count I:  Infringement of the '889 Patent**

19.     Plaintiff repeats and realleges the allegations of paragraphs 1-18 as though fully set forth herein.

20.     Roxane's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '889 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

21.     There is a justiciable controversy between the parties hereto as to the infringement of the '889 patent.

22.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will infringe the '889 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.

23.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will induce infringement of the '889 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, upon FDA approval of Roxane's ANDA, Roxane will intentionally

encourage acts of direct infringement with knowledge of the '889 patent and knowledge that its acts are encouraging infringement.

24.    Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will contributorily infringe the '889 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, Roxane has had and continues to have knowledge that Roxane's Proposed Product is especially adapted for a use that infringes the '889 patent and that there is no substantial non-infringing use for Roxane's Proposed Product.

25.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Roxane's infringement of the '889 patent is not enjoined.

26.    Jazz Pharmaceuticals does not have an adequate remedy at law.

27.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count II:  Infringement of the '219 Patent

28.    Plaintiff repeats and realleges the allegations of paragraphs 1-27 as though fully set forth herein.

29.    Roxane's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '219 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

30.    There is a justiciable controversy between the parties hereto as to the infringement of the '219 patent.

31.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will infringe the '219 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.

32.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will induce infringement of the '219 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, upon FDA approval of Roxane's ANDA, Roxane will intentionally encourage acts of direct infringement with knowledge of the '219 patent and knowledge that its acts are encouraging infringement.

33.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will contributorily infringe the '219 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, Roxane has had and continues to have knowledge that Roxane's Proposed Product is especially adapted for a use that infringes the '219 patent and that there is no substantial non-infringing use for Roxane's Proposed Product.

34.     Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Roxane's infringement of the '219 patent is not enjoined.

35.     Jazz Pharmaceuticals does not have an adequate remedy at law.

36.     This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III:  Infringement of the '730 Patent

37.     Plaintiff repeats and realleges the allegations of paragraphs 1-36 as though fully set forth herein.

38.     Roxane's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '730 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

39.     There is a justiciable controversy between the parties hereto as to the infringement of the '730 patent.

40.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will infringe the '730 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.

41.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will induce infringement of the '730 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, upon FDA approval of Roxane's ANDA, Roxane will intentionally encourage acts of direct infringement with knowledge of the '730 patent and knowledge that its acts are encouraging infringement.

42.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will contributorily infringe the '730 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, Roxane has had and continues to have knowledge that Roxane's Proposed Product is especially adapted for a use that infringes the '730 patent and that there is no substantial non-infringing use for Roxane's Proposed Product.

43.     Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Roxane's infringement of the '730 patent is not enjoined.

44.      Jazz Pharmaceuticals does not have an adequate remedy at law.

45.      This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count IV:  Infringement of the '106 Patent

46.      Plaintiff repeats and realleges the allegations of paragraphs 1-45 as though fully set forth herein.

47.      Roxane's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '106 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

48.      There is a justiciable controversy between the parties hereto as to the infringement of the '106 patent.

49.      Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will infringe the '106 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.

50.      Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will induce infringement of the '106 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, upon FDA approval of Roxane's ANDA, Roxane will intentionally encourage acts of direct infringement with knowledge of the '106 patent and knowledge that its acts are encouraging infringement.

51.      Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will contributorily infringe the '106 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On

information and belief, Roxane has had and continues to have knowledge that Roxane's Proposed Product is especially adapted for a use that infringes the '106 patent and that there is no substantial non-infringing use for Roxane's Proposed Product.

52.     Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Roxane's infringement of the '106 patent is not enjoined.

53.     Jazz Pharmaceuticals does not have an adequate remedy at law.

54.     This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

<u>**Count V:  Infringement of the '107 Patent**</u>

55.     Plaintiff repeats and realleges the allegations of paragraphs 1-54 as though fully set forth herein.

56.     Roxane's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '107 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

57.     There is a justiciable controversy between the parties hereto as to the infringement of the '107 patent.

58.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will infringe the '107 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.

59.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will induce infringement of the '107 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, upon FDA approval of Roxane's ANDA, Roxane will intentionally

encourage acts of direct infringement with knowledge of the '107 patent and knowledge that its acts are encouraging infringement.

60.     Unless enjoined by this Court, upon FDA approval of Roxane's ANDA, Roxane will contributorily infringe the '107 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Roxane's Proposed Product in the United States.  On information and belief, Roxane has had and continues to have knowledge that Roxane's Proposed Product is especially adapted for a use that infringes the '107 patent and that there is no substantial non-infringing use for Roxane's Proposed Product.

61.     Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Roxane's infringement of the '107 patent is not enjoined.

62.     Jazz Pharmaceuticals does not have an adequate remedy at law.

63.     This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jazz Pharmaceuticals respectfully requests the following relief:

(A)     A Judgment be entered that Roxane has infringed the '889, '219, '730, '106 and '107 patents by submitting ANDA No. 202-090;

(B)     A Judgment be entered that Roxane has infringed, and that Roxane's making, using, selling, offering to sell, or importing Roxane's Proposed Product will infringe one or more claims of the '889, '219, '730, '106 and '107 patents;

(C)     An Order that the effective date of FDA approval of ANDA No. 202-090 be a date which is not earlier than the later of the expiration of the '889, '219, '730, '106 and '107 patents, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(D)     Preliminary and permanent injunctions enjoining Roxane and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, selling, offering to sell, or importing Roxane's Proposed Product until after the expiration of the '889, '219, '730, '106 and '107 patents, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(E)     A permanent injunction be issued, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Roxane, its officers, agents, attorneys and employees, and those acting in privity or concert with them, from practicing any compounds, methods or compositions as claimed in the '889, '219, '730, '106 and '107 patents, or from actively inducing or contributing to the infringement of any claim of any of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(F)     A Declaration that the commercial manufacture, use, importation into the United States, sale, or offer for sale of Roxane's Proposed Product will directly infringe, induce and/or contribute to infringement of the '889, '219, '730, '106 and '107 patents;

(G)     To the extent that Roxane has committed any acts with respect to the compounds, methods or compositions claimed in the '889, '219, '730, '106 and '107 patents, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), that Plaintiff Jazz Pharmaceuticals be awarded damages for such acts;

(H)     If Roxane engages in the commercial manufacture, use, importation into the United States, sale, or offer for sale of Roxane's Proposed Product prior to the expiration of the '889, '219, '730, '106 and '107 patents, a Judgment awarding damages to Plaintiff Jazz Pharmaceuticals resulting from such infringement, together with interest;

(I)     Attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

(J)     Costs and expenses in this action; and

(K)     Such further and other relief as this Court may deem just and proper.


Dated: November 22, 2010                    By: s/ Charles M. Lizza_____
                                            Charles M. Lizza
                                            William C. Baton
                                            SAUL EWING
                                            One Riverfront Plaza, Suite 1520
                                            Newark, New Jersey  07102-5426
*Of Counsel*:                               (973) 286-6700
                                            clizza@saul.com
F. Dominic Cerrito
Daniel L. Malone                            *Attorneys for Plaintiff*
JONES DAY                                   *Jazz Pharmaceuticals, Inc.*
222 East 41st Street
New York, New York  10017-6702
(212) 326-3939

Richard G. Greco
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022-3598
(212) 836-8500

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.


Dated: November 22, 2010

Of Counsel:

F. Dominic Cerrito
Daniel L. Malone
JONES DAY
222 East 41st Street
New York, New York  10017-6702
(212) 326-3939

Richard G. Greco
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022-3598
(212) 836-8500

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    SAUL EWING
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey  07102-5426
    (973) 286-6700
    clizza@saul.com

    Attorneys for Plaintiff
    Jazz Pharmaceuticals, Inc.