

Charles M. Lizza
Phone: (973) 286-6715
Fax: (973) 286-6815
clizza@saul.com
www.saul.com

November 29, 2012

**VIA ECF & FEDEX**

The Honorable Esther Salas, U.S.D.J.
United States District Court
M.L. King, Jr. Federal Bldg. & Courthouse, Room 2D
50 Walnut Street
Newark, New Jersey  07101

Re:  *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*
      Civil Action No. 10-6108 (ES)(CLW)

Dear Judge Salas:

This firm, together with Quinn Emanuel Urquhart & Sullivan, LLP and Richard G. Greco PC, represents plaintiff Jazz Pharmaceuticals, Inc. ("Jazz") in the above-captioned action. In accordance with Your Honor's directive during the October 2, 2012 status conference, enclosed are courtesy copies of Jazz's Motion to Consolidate Actions, a memorandum of law and declaration in support thereof, and a proposed Order.

We also write to apprise Your Honor of a recent development related to the present motion. As Your Honor may recall from the parties' last status conference, Jazz has pending patent applications before the U.S. Patent and Trademark Office ("PTO") that are directed towards the same subject matter as the patents already at issue in this litigation. The PTO recently indicated that one of those applications will be issued as U.S. Patent No. 8,324,275 ("the '275 patent") next week on December 4, 2012.

As described in the enclosed memorandum of law, the '275 patent and several of the patents-in-suit concern substantially similar questions of law and fact. For example, the '275 patent and four of the patents-in-suit claim priority to the same parent application, share a common specification, and the inventors are the same. Jazz intends to sue defendant Roxane Laboratories, Inc. ("Roxane") for infringement of the '275 patent shortly after it issues next week and seek consolidation with the current action. Roxane has indicated that it will oppose such consolidation.

One Riverfront Plaza, Suite 1520 ♦ Newark, NJ 07102-5426 ♦ Phone: (973) 286-6700 ♦ Fax: (973) 286-6800
Stephen B. Genzer - Newark Managing Partner

DELAWARE   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Hon. Esther Salas, U.S.D.J.
November 29, 2012
Page 2

      The '275 patent action, like the action concerning U.S. Patent No. 8,263,650 ("the '650 patent"), should be consolidated with the existing case to streamline pretrial proceedings, avoid duplication of effort, and prevent conflicting outcomes in these cases, which involve similar legal and factual issues. Notably, given the current briefing schedule and the expected issue date of the '275 patent next week, if the Court grants Jazz's enclosed motion to consolidate the '650 patent case, consolidation of the '275 patent action will not lead to any further delay in proceeding towards trial in the existing case. Accordingly, Jazz respectfully requests that the Court's decision with respect to the enclosed Motion for Consolidation also apply to Jazz's request for consolidation of the '275 patent action.

      We thank Your Honor for your kind attention to this matter.

                                          Respectfully yours,

                                          Charles M. Lizza

Encls.

cc:    All Counsel (via e-mail)

03387.62493/5069791.3